UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 7:02-248(16)-GRA |
| v. | C/A No. 7:05-1331-GRA |
| Allen Robinson, #98796-071, | ORDER |
| Petitioner. | [Written Opinion] |

This matter is before the Court on the petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

FACTS

Petitioner entered a plea agreement with the government on July 30, 2002 and on July 31, 2002, he pled guilty to conspiracy to distribute and to possess with intent to distribute 50 grams or more of cocaine base, commonly known as "crack" cocaine, and less than 500 grams of cocaine, both Schedule II controlled substances, in violation of Title 21, United States Code, §841(a)(1). Petitioner was sentenced by this Court on January 24, 2003 to 188 months of incarceration and 5 years of supervised release. He timely filed notice of intent to appeal. The Court of Appeals for the Fourth Circuit affirmed his conviction in an order which was filed on January 6, 2004. Petitioner did not file a petition for certiorari with the United States Supreme Court. Petitioner now moves to vacate, set aside or correct his sentence pursuant to 28

1

U.S.C. § 2255.

STANDARD OF REVIEW

Petitioner brings this motion *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Cruz v. Beto*, 405 U.S. 319 (1972).

ANALYSIS

Petitioner's motion is untimely. On April 24, 1996, the President of the United States signed into law the Anti-Terrorism and Effective Death Penalty Act (AEDPA). *See* Pub. L. No. 104-132 (1996). The AEDPA instituted a one year statute of limitations for filing motions pursuant to 28 U.S.C. § 2255. The AEDPA's amendments to 28 U.S.C. § 2255 provide, in relevant part, that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially

2

> recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255. The period of limitations began to run on petitioner's §2255 motion after his judgment of conviction became final. According to *Clay v. United States*, 123 S.Ct. 1072 (2003), "for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay*, 123 S.Ct. at 1079. Since the petitioner's conviction was affirmed by the Court of Appeals for the Fourth Circuit and he did not file a petition for certiorari, the one-year limitation period began when the time for filing a petition for certiorari expired. The opinion affirming the conviction was filed on January 27, 2003. Petitioner had ninety (90) days in which to file a petition for a writ of certiorari and on April 28, 2003, the period expired. At that point, for purposes of § 2255 the conviction became final. Furthermore, the one-year period of limitations to file a motion pursuant to § 2255 expired on April 28, 2004. The current motion was signed by the petitioner on May 4, 2004 and filed May 10, 2004.

Pursuant to *Hill v. Braxton*, the petitioner is hereby notified that this § 2255 petition will be dismissed as untimely unless he demonstrates to the Court "that the petition was filed within the proper time period." Hill v. Braxton, 277 F.3d 701, 708

3

(4th Cir. 2002). The petitioner is given fifteen (15) days from the date of this Order to respond.

    IT IS THEREFORE ORDERED that petitioner has fifteen (15) days to respond.

    IT IS SO ORDERED.

                                    G. ROSS ANDERSON, JR.
                                    UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

May 26, 2005.

### NOTICE OF RIGHT TO APPEAL

    Petitioner has the right to appeal this order within sixty (60) days from the date of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.